IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GEORGE SIMONSEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Civ. No.  07-CV-339-TC<br><br><br>ORDER AND OPINION |

Coffin, Magistrate Judge:

Plaintiff, George Simonsen, seeks review of a final decision of the Commissioner denying his application for Supplemental Security Income disability benefits under 42 U.S.C. §§ 1381-1383f. Before the court is plaintiff's brief (#10). For the reasons that follow, the decision of the Commissioner is reversed and the matter remanded.

### Background

Plaintiff applied for SSI benefits, citing a number of mental and physical complaints. His claim was denied initially

1 Opinion and Order

and upon reconsideration. Plaintiff represented himself at a hearing before the ALJ; the record reveals a collection of evidence from plaintiff's counselors, physicians, and lay witnesses concerning his various physical and mental limitations.

The ALJ concluded that although plaintiff had a number of severe impairments (drug addiction, an adjustment disorder with anxiety, anti-social personality disorder, and hepatitis C), his impairment did not meet or equal the requirements of a listed impairment and he was able to perform work existing in significant numbers in the national economy. Tr. 23.

## Discussion

Plaintiff asserts a number of grounds for reversal. Because the court reverses on the first asserted ground, which may affect the determination of plaintiff's impairment on remand (and determinations at subsequent steps on remand) the court does not address plaintiff's subsequent arguments, which concern findings at steps 4 and 5.

Plaintiff asserts that the ALJ erred in rejecting two opinions of treating mental health counselors. Kelly Goodman, a licensed clinical social worker, opined that plaintiff was unable to perform substantial gainful activity. A counselor at Central City Concern who interviewed plaintiff assigned a GAF (Global Assessment of Functioning) equal to or greater than 50, which indicates either "serious symptoms or any serious impairment in social, occupational or school functioning," or "moderate symptoms or moderate difficulty in social, occupation or school functioning." Tr. 21, 354, 373.

2 Opinion and Order

The ALJ rejected Goodman's opinion in part because it "contrasts sharply with other evidence of record, which also renders it less persuasive." Tr. 21. Because other evidence in the record indeed indicated that plaintiff could lift, work in certain capacities, and function in certain daily tasks, the court does not agree that the ALJ erred in rejecting the opinion on that basis.

However, with respect to both of the opinions at issue, the ALJ stated, "the treatment notes and assessments from a mental health counselor, without concurrent review and signature from a medical doctor, are not considered to be from an 'acceptable medical source.'" Tr. 21. Under 20 C.F.R. § 416.913(d) such assessments are among "other sources" that a claimant might employ to show the severity of an impairment or its effect on one's ability to work. The ALJ did not further consider the Central City Concern counselor's interview and diagnostic records.

Rejecting the assessments on the sole basis that they are not "acceptable medical sources" under 20 C.F.R. § 416.913(a) violates the ALJ's obligation to consider relevant evidence. See Jager v. Barnhart, 192 Fed. Appx. 589 (9th Cir. 2006) (ALJ erred in rejecting other source evidence where relevant to claimant's ability to work); Fernandez v. Barnhart, 68 Fed. Appx. 820 (9th Cir. 2003) ("Under this circuit's precedent, an ALJ must either consider the testimony of such a lay witness [providing "other source" evidence under 20 C.F.R. § 416.913(d)] or provide germane reasons for not crediting the testimony."). Thus, the ALJ erred in rejecting the opinion of the Central City Concern counselor.

3 Opinion and Order

Plaintiff further asserts that the ALJ erred in rejecting lay opinion testimony from plaintiff's sister-in-law, Elaine Simonsen. The record indicates that the ALJ reviewed the evidence but found it not credible because apparently plaintiff's handwriting was included in the letters purporting to be authored by Elaine Simonsen. Tr. 21. When viewed together with the ALJ's explanation that the nature of crimes in plaintiff's criminal record and inconsistent statements impaired his credibility, I cannot agree that the ALJ erred in rejecting the statements.

## Conclusion

The decision of the Commissioner is reversed and the matter remanded.

IT IS SO ORDERED.

Dated this 3 day of January, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge